IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CRAIG BALUNSAT and FAMILY, | * |
| | * |
| Plaintiffs, | * |
| v. | * |
| CECIL COUNTY GOVERNMENT, CECIL COUNTY BOARD OF APPEALS, CECIL COUNTY OFFICE OF PLANNING AND ZONING, CLIFF HOUSTON, DAVID WILLIS, AND ALL MEMBERS OF CECIL COUNTY BOARD OF APPEALS, ALFRED C. WEIN, JR., and OTHER UNNAMED COUNTY ACTORS, | *  *  * Civil Action No. RDB-12-0360  *  *  * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

*Pro se* plaintiffs Craig Balunsat and his family (together, "Plaintiffs") have filed this action against the Cecil County Government; the Cecil County Board of Appeals; the Cecil County Office of Planning and Zoning; County Zoning Administrator Cliff Houston; Chairperson David Willis and all other members of the Cecil County Board of Appeals; County Administrator Alfred C. Wein, Jr.; and other unnamed county actors. The Plaintiffs, who keep a goat as well as some hens and ducks on their under-one-acre property in Cecil County, Maryland, challenge the constitutionality of and assert other claims related to Article V, Section 58 of the Cecil County Zoning Ordinance ("Section 58"), which permits animal

husbandry on Cecil County property provided that the lot size is at least one acre. They allege that Section 58 violates the First, Eighth, and Ninth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983. They also allege that Cecil County's enforcement of Section 58 constitutes an abuse of process and intentional infliction of emotional distress. Currently pending in state court is an appeal from the Cecil County Zoning Board's decision to enforce Section 58 against the Plaintiffs. The Plaintiffs have asked this Court to issue a preliminary injunction and to stay the state court proceedings, and the Defendants have asked this Court to abstain from further action in this matter in light of those state proceedings. The Plaintiffs have also requested a preliminary injunction and an emergency hearing on their motion for a preliminary injunction.

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiffs' Motion to Stay State Court Proceedings and to Assume Pendant [sic] Jurisdiction (ECF No. 8) is DENIED; Plaintiffs' Motion for Emergency Preliminary Injunction (ECF No. 12) is DENIED; Plaintiffs' Motion for Emergency Hearing (ECF No. 13) is DENIED; and Defendants' Motion Requesting Judicial Abstention (ECF No. 23) is GRANTED. This case is DISMISSED in accordance with the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971).

BACKGROUND

*Pro se* plaintiffs Craig Balunsat and family (together, "Plaintiffs") reside at 433 Basil Avenue in Chesapeake City, Maryland, which is part of Cecil County. Compl. ¶ 8. Their property, which consists of less than one acre, is in Cecil County's residential zone "RR." *Id.* ¶¶ 18, 22. The Plaintiffs describe the area as "rural." *Id.* ¶ 22. They keep on their property

one goat, six hens, two ducks, three dogs, and four cats. *Id.* ¶ 19. They claim that these animals are all kept as pets and that the Plaintiffs are not "in the business of breeding any of [the] pets for agricultural [purposes] or purposes of monetary gain." *Id.* ¶ 26.

Article V, Section 58 of the Cecil County Zoning Ordinance ("Section 58") permits animal husbandry on property in the RR zone provided that the lot size is at least one acre. *See id.* ¶ 22; Cecil County Dep't Planning & Zoning, Cecil County Zoning Ordinance Art. V, § 58. The Ordinance defines "animal husbandry" to mean "the raising, boarding, and/or sale of domestic animals other than dogs or cats." Compl. ¶ 21; Cecil County Dep't Planning & Zoning, Cecil County Zoning Ordinance Art. II, § 12. After a neighbor complained about the animals on the Plaintiffs' property, Cecil County's Department of Planning and Zoning investigated the property. Compl. ¶ 17. Sometime in late 2011 or early 2012, a Cecil County enforcement officer ordered the Plaintiffs to remove the goat, hens, and ducks from their property pursuant to Section 58. *Id.* ¶ 16; Defs.' Mot. ¶ 2. The Plaintiffs appealed that order to the Cecil County Board of Zoning Appeals ("Board of Zoning Appeals"). Defs.' Mot. ¶ 2; *see* Defs.' Ex. 1.

Several people testified before the Board of Zoning Appeals. Craig Balunsat ("Mr. Balunsat") testified that the animals subject to the removal order were not harming or disturbing anyone, that the surrounding properties were used for agricultural purposes, and that his pet goat "has a gentle personality and is not aggressive." Compl. ¶ 28. Mr. Balunsat further testified that these animals were beneficial pets for his family because they are therapeutic, provide fresh eggs, could provide fresh milk, and "assist in keeping the grass

3

trim without the harmful emissions and noise pollution as found in certain lawn equipment." *Id.* Mr. Balunsat's wife, Lisa Balunsat ("Mrs. Balunsat"), testified that she had raised the goat as a pet since birth, that she walks the goat on a leash, and that the children in the family play with the goat. *Id.* ¶ 31. Mrs. Balunsat also testified that the family's pet hens provided comfort for her mother, who lived with the Plaintiffs. *Id.* Various grandchildren, friends, and Mrs. Balunsat's mother also testified before the Board of Zoning Appeals, explaining that the animals were family pets and that the family enjoyed playing with them. *Id.* ¶¶ 34-36. Finally, Cecil County's Zoning Administrator Cliff Houston testified before the board that keeping a goat on the Plaintiffs' property constitutes "animal husbandry." *Id.* ¶ 12. The Board of Zoning Appeals denied the Plaintiffs' appeal on January 25, 2012, and ordered the Plaintiffs to remove the goat, hens, and ducks within sixty days of the board's opinion. *See id.* ¶¶ 16, 24; Defs.' Ex. 1.

On February 21, 2012, the Plaintiffs filed a Notice of Appeal and Petition for Judicial Review in the Circuit Court for Cecil County. Defs.' Ex. 1. Additionally, the Plaintiffs filed a Motion to Correct and Expand the Record to include affidavits relating to their arguments under the Fifth and Fourteenth Amendments as well as under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Defs.' Ex. 3. At a hearing on July 10, 2012, the Circuit Court for Cecil County granted a motion to dismiss filed by the Board of Zoning Appeals and thereby dismissed judicial review of the appeal. The Circuit Court also denied the Plaintiffs' Motion to Correct and Expand the Record to include the Plaintiffs' constitutional and other federal claims. The Plaintiffs thereafter appealed the decision to the Maryland Court of Special Appeals, where their case is now under review.

The Plaintiffs filed this federal action on February 6, 2012, challenging the Cecil County Government's enforcement of Section 58. Their Complaint asserts six claims: (1) abuse of process; (2) a violation of the First Amendment; (3) a violation of the Ninth Amendment; (4) intentional infliction of emotional distress; (5) a violation of 42 U.S.C. § 1983; and (6) a violation of the Eighth Amendment. The Plaintiffs seek relief in the form of a declaration that the Cecil County Zoning Ordinance violates federal law and the United States Constitution; a stay of the proceedings in state court; an injunction from the Defendants' enforcement of Section 58 of the Cecil County Zoning Ordinance; and compensatory and punitive damages. Compl. 12. Pending before this Court are Plaintiffs' Motion to Stay State Court Proceedings and to Assume Pendant [sic] Jurisdiction (ECF No. 8); Plaintiffs' Motion for Emergency Preliminary Injunction (ECF No. 12) and Motion for an Emergency Hearing for Emergency Preliminary Injunction (ECF No. 13); and Defendants' Motion Requesting Judicial Abstention (ECF No. 23), in which they ask this Court to abstain from adjudicating this matter in accordance with the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971). Because this Court's decisions on the Plaintiffs' Motion to Stay State Court Proceedings and the Defendants' Motion Requesting Judicial Abstention dispose of this case, these motions will be addressed first.

## STANDARD OF REVIEW

**A. Request for a Stay of a State Court Proceeding**

The Plaintiffs have asked this Court to stay the state court proceedings relating to the Cecil County Zoning Board's enforcement of Section 58. This request implicates the Anti-Injunction Act, which provides as follows:

5

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

22 U.S.C. § 2283. The Anti-Injunction Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Denny's Inc. v. Cake*, 364 F.3d 521, 528-29 (4th Cir. 2004) (quoting *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (plurality opinion)). The three identified exceptions allow for injunctions "(1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments." *Id.* at 529 (citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988); *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287-88 (1970)). "Courts are not to enlarge these exceptions by loose statutory construction . . . . Instead, any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.* at 530 (internal citations and quotation marks omitted).

### B. *Younger* Abstention Doctrine

The United States Supreme Court set forth a doctrine of abstention in *Younger v. Harris*, 401 U.S. 37 (1971), which is based on the "strong federal policy" against a federal court's interference in a matter pending before a state court. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). The *Younger* doctrine holds that a federal court should abstain from adjudicating a matter that is pending in a state proceeding, "even though [the court] has jurisdiction to reach the merits," if "there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that

6

(2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Moore v. City of Asheville*, 396 F.3d 385, 390 (4th Cir. 2005) (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432; *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003)).  The *Younger* doctrine is rooted in principles of federalism and comity, *Nivens*, 319 F.3d at 153, as well as in a "belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways," *Younger*, 401 U.S. at 44.  When the three-part test is satisfied, the *Younger* doctrine "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Nivens v. Gilchrist*, 444 F.3d 237, 246 (4th Cir. 2006) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)).

The Supreme Court articulated the *Younger* abstention doctrine in its review of a federal court's injunction of a state criminal proceeding.  *Younger*, 401 U.S. 37.  Since the Supreme Court's 1971 decision in *Younger*, the doctrine has been extended to apply where there is a pending state civil case or state administrative proceeding involving important state interests.  *See, e.g., Middlesex Cnty. Ethics Comm.*, 457 U.S. 423 (upholding a federal court's decision to abstain out of deference to pending state administrative proceedings); *Pennzoil, Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (finding that *Younger* abstention doctrine applies to a private civil matter with an important government interest at stake); *Trainor v. Hernandez*, 431 U.S. 434 (1977) (applying *Younger* abstention doctrine where the civil matter before the federal court was also pending in a state court); *Juidice v. Vail*, 430 U.S. 327 (1977) (same). Indeed, federal courts have abstained from adjudicating challenges to local zoning laws

where a state court was also adjudicating the matter. *See, e.g.*, *Woodfeathers, Inc. v. Wash. Cnty*, 180 F.3d 1017 (9th Cir. 1999); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079 (9th Cir. 1987); *Discovery House Inc. v. Consolidated City of Indianapolis*, 970 F. Supp. 655 (S.D. Ind. 1997); *Glen-Gery Corp. v. Lower Heidelberg Twp.*, 608 F. Supp. 1002 (E.D. Pa. 1985).

ANALYSIS

I. **Plaintiffs' Motion to Stay State Court Proceedings and to Assume Pendant [sic] Jurisdiction (ECF No. 8)**

The Plaintiffs have moved this Court to "stay all state court proceedings pending the outcome of this collateral challenge of the state laws being used against the Plaintiffs" and to assume jurisdiction "for purposes of judicial economy." Pls.' Mot. Stay 1, ECF No. 8. Under the Anti-Injunction Act, a federal court may not enjoin a state court proceeding unless one of three exceptions applies: injunctions "(1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments." *Denny's*, 364 F.3d at 529. The Plaintiffs have not suggested that one of these exceptions applies. However, one of the Plaintiffs' claims—their section 1983 claim—falls within the "expressly authorized" exception to the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225 (1972).

A finding that an injunction is authorized under the Anti-Injunction Act does not end the analysis, as this Court has previously held that the *Younger* abstention doctrine works independently to prevent a federal court's interference in a state proceeding. *See e.g.*, *Ward v. Simpers*, No. RDB-07-3266, 2008 WL 2271486, at *6 n.10. The United States Court of Appeals for the Second Circuit has explained that while "[t]here is no doubt but that a

8

section 1983 action falls within" an exception to the Anti-Injunction Act, "it is equally clear that section 1983 is not exempted from the *Younger* abstention doctrine." *Anonymous J. v. Bar Assoc. of Erie Cnty.*, 515 F.2d 435, 437 (2d Cir. 1975).  Thus this Court must consider the Defendants' Motion Requesting Judicial Abstention in order to determine whether interference in the state court proceeding is warranted or wise.

## II. Defendants' Motion Requesting Judicial Abstention (ECF No. 23)

The Defendants request this Court to abstain from adjudicating this matter under the doctrine of abstention set out in *Younger v. Harris*, 401 U.S. 37.  They argue that all three factors required for *Younger* abstention to apply are met here.  *See Moore v. City of Asheville*, 396 F.3d at 390 (internal citations omitted).  First, the Defendants argue that there is an ongoing state proceeding pending in the state court.  Defs.' Mot. ¶ 9, ECF No. 23.  Second, they contend that the state court action implicates important, substantial, or vital state interests because it "implicates the County's ability to adopt and enforce zoning ordinances that affect the health, safety, and welfare of the citizens of Cecil County."  *Id.*  Finally, the Defendants assert that the state court proceeding provides an adequate opportunity to resolve the parties' federal claims or defenses.  *Id.*  This third factor is evident, they claim, since the Plaintiffs moved for the Circuit Court to expand the scope of the record in the state proceeding to include their federal and constitutional claims.

The Plaintiffs argue, on the other hand, that *Younger* abstention is inappropriate in this case because the state court has not indicated that it will consider their claims under the United States Constitution or the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  Pls.' Resp. ¶ 1.  Moreover, the Plaintiffs argue that the "whole reason [they

9

were] forced to file this federal lawsuit in the first place was because state processes are inadequate to protect [their] federally protected Constitutional and RLUIPA rights." *Id.* ¶ 2 Thus they claim that the Defendants cannot satisfy the third factor—that the state proceeding "provides an adequate opportunity for the plaintiff to raise the [federal claims] advanced in the federal lawsuit," *Moore v. City of Asheville*, 396 F.3d at 390 (internal citations omitted)—and *Younger* abstention doctrine cannot apply.

The first two factors of *Younger*'s three-factor test are clearly met in this case. First, it is indisputable that there is an ongoing state proceeding involving the matter that is before this Court. Second, this Court finds that the state action involves "important, substantial, or vital state interests." *Moore v. City of Asheville*, 396 F.3d at 390 (internal citations omitted). As the Defendants argued, Cecil County's Zoning Ordinance is enforced to further the citizens' health and welfare. Federal courts around the county have likewise found that the enforcement of local zoning laws implicates the important state interests warranting *Younger* abstention. *See, e.g.*, *Woodfeathers, Inc. v. Wash. Cnty*, 180 F.3d 1017 (9th Cir. 1999); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079 (9th Cir. 1987); *Discovery House Inc. v. Consolidated City of Indianapolis*, 970 F. Supp. 655 (S.D. Ind. 1997); *Glen-Gery Corp. v. Lower Heidelberg Twp.*, 608 F. Supp. 1002 (E.D. Pa. 1985). Only the third *Younger* factor, to wit, whether the state court proceeding provides an adequate opportunity to raise the Plaintiffs' constitutional and RLUIPA claims, warrants discussion.

The Plaintiffs argue that the state court proceeding does not provide any opportunity, let alone an adequate opportunity, to pursue their federal claims under the United States

Constitution and RLUIPA.[1] On this point, this Court has previously noted that the "[p]laintiffs bear the burden of showing inadequacy or unavailability." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (citing *Pennzoil*, 481 U.S. at 14). In this case, the Plaintiffs have failed to demonstrate that the state court proceedings are inadequate to evaluate the federal claims at issue.

The Plaintiffs argue that the Defendants have "resisted [them] every step of the way" in their attempt to assert these federal claims. Pls.' Resp. ¶ 3. However, it is clear from the Defendants' Answer to the Plaintiffs' Motion to Correct and Expand the Record that the Defendants argued not that these federal claims could not be heard in the state forum, but only that the Plaintiffs had not exhausted prerequisite administrative remedies with regard to those claims. *See* Pls.' Ex. 2, Answer to Motion to Correct and Expand the Record, ECF No. 24-2 (arguing that where "administrative remedies exist in zoning cases, they must be exhausted before other actions may be brought" (citing *Josephson v. City of Annapolis*, 728 A.2d 690 (Md. 1998))). The Plaintiffs, therefore, do not show that the state court proceeding provides an inadequate opportunity to seek relief under the United States Constitution and Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Moreover, the Maryland state judicial system may address and decide issues of constitutional and other federal law. It is worth noting at the outset that "a federal court should assume that state procedures will afford an adequate remedy, in the absence of

---

[1] It is worth noting that the Plaintiffs have not asserted a right to relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") in their Complaint before this Court. *See* Compl. ¶¶ 45-57. Although the *pro se* Plaintiffs have not addressed it, RLUIPA, 42 U.S.C. §§ 2000cc *et seq.*, is a United States federal law that prohibits land use regulations "in a manner that imposes a substantial burden on the religious exercise of a person . . . ." 42 U.S.C. § 2000cc(a)(1).

unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. at 15. In this case, it is clear that at each step of the legal process—the Cecil County Zoning Board's appeal proceedings, the judicial review by the Circuit Court for Cecil County, and now the appellate review at the Maryland Court of Special Appeals—a party is provided an opportunity to present his constitutional and other federal challenges. In *Maryland Reclamation Association, Inc. v. Harford County*, 677 A.2d 567, 575 (Md. 1996), the Maryland Court of Appeals explained that Maryland law vests jurisdiction in the county boards of appeals over applications for variances and special exceptions to the zoning ordinance, and further that the boards of appeals would be "authorized and required to consider any of the constitutional and other issues raised" by a party challenging a zoning board's decision. Furthermore, a party is entitled to appeal any decision by the board of appeals to the circuit court for that county, "with a further right of appeal to the Court of Special Appeals." *Id.* Indeed, it is without dispute that the sort of federal claims the Plaintiffs press in this case could be asserted and resolved in the Maryland state courts. *See Larsen v. CIGNA HealthCare Mid-Atlantic, Inc.*, 224 F. Supp. 2d 998, 1008 (D. Md. 2002) (noting that a plaintiff could not argue that the Maryland state court proceedings provide an inadequate opportunity to assert his federal claims).

  The Plaintiffs do not seem to dispute that in theory the Maryland state proceedings offer an opportunity to assert their constitutional and other federal claims. Instead, they are concerned that in this specific case the Maryland state court has not addressed them. Where "it is abundantly clear that [parties seeking federal relief have] an opportunity to present their federal claims in the state proceedings," the Supreme Court has explained, "[n]o more is

12

required to invoke *Younger* abstention." *Juidice v. Vail*, 430 U.S. at 337.  It is not necessary that the state court provide an "actual hearing" on the federal claims in order for *Younger* abstention to apply.  *Id.*  In other words, as long as a party is accorded "an opportunity to fairly pursue [his] constitutional claims in the ongoing state proceedings, that party's failure to avail [himself] of such opportunities does not mean that the state procedures were inadequate." *Id.* (citing *Gibson v. Berryhill*, 411 U.S. at 577).  While this case is pending in the Maryland Court of Special Appeals, this Court is without a complete record of the Circuit Court for Cecil County's decision on the Plaintiffs' Motion to Correct and Expand the Record.  However, as Supreme Court precedent explains, where the state court proceeding provides an opportunity to present federal and constitutional claims, the fact that such claims were not heard is no bar to *Younger* abstention.  For this reason, the Plaintiffs' argument against abstention based on the Circuit Court's failure to hear their constitutional and other federal claims is unavailing.

Moreover, that the Plaintiffs' case is now on appeal to the Maryland Court of Special Appeals presents an even stronger justification for this Court to abstain from interfering in the state proceeding.  The Supreme Court in *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975), articulated a concern that is relevant in this case—that "[f]ederal post-trial intervention, in a fashion designed to annul the results of a state trial, also deprives the States of a function which quite legitimately is left to them, that of overseeing trial court dispositions of constitutional issues which arise in civil litigation over which they have jurisdiction."  The Court in *Huffman* recognized that "a litigant's most appropriate forum for the resolution of constitutional contentions" is "typically a judicial system's appellate courts."

*Id.* To interfere in the Maryland state proceedings at this stage would be akin to this Court "substituting itself for the State's appellate courts," and would not fairly accord the Maryland judicial system an opportunity to resolve the federal issues arising in its courts. *Id.*

Considerate of the principles of federalism and comity animating the "strong federal policy" against interference in an ongoing state court proceeding, *Middlesex Cnty. Ethics Comm*, 457 U.S. at 431, this Court finds that *Younger* abstention doctrine applies to this case.[2] Dismissal of this case is therefore warranted so as to defer to the Maryland courts' adjudication of this matter. *See Nivens v. Gilchrist*, 444 F.3d at 246 ("*Younger* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts.") (quoting *Gibson v. Berryhill*, 411 U.S. at 577)).

### III. Plaintiffs' Motion for Emergency Preliminary Injunction (ECF No. 12) and Plaintiffs' Motion for Emergency Hearing (ECF No. 13)

The Plaintiffs also requested a preliminary injunction against enforcement of Section 58 and a hearing on this motion. *See* Motion for Emergency Preliminary Injunction (ECF No. 12); Motion for Emergency Hearing (ECF No. 13). This is the Plaintiffs' second attempt to secure a preliminary injunction. *See* Motion for Emergency Issuance of Summonses, ECF No. 2. As this Court determined in Section II, *Younger* abstention doctrine applies because there is "(1) an ongoing state judicial proceeding, instituted prior to

---

[2] Even if the three criteria set out in *Moore v. City of Asheville*, 396 F.3d at 390, are met, federal intervention in the state proceeding may be warranted if the plaintiff can show that "(i) the challenged statute 'flagrantly and patently' violates express constitutional provisions or (ii) [the] plaintiff will suffer irreparable injury if the federal court abstains because there is no adequate remedy at law." *Nat'l Home Ins. Co. v. State Corp.Comm'n*, 838 F. Supp. 1104, 1119 (E.D. Va. 1993) (quoting *Younger*, 401 U.S. at 53-54). The Plaintiffs have not argued, nor do the facts presented by both parties suggest, that either of these criteria is a concern in this case.

any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Moore v. City of Asheville*, 396 F.3d at 390 (internal citations omitted).  Thus, this Court should refrain from any interference in the state court proceeding.  Accordingly, the Plaintiffs' Motion for Emergency Preliminary Injunction (ECF No. 12) and Motion for Emergency Hearing (ECF No. 13) are DENIED.

## CONCLUSION

For the reasons stated above, the Plaintiffs' Motion to Stay State Court Proceedings and to Assume Pendant [sic] Jurisdiction (ECF No. 8) is DENIED; the Plaintiffs' Motion for Emergency Preliminary Injunction (ECF No. 12) is DENIED; the Plaintiffs' Motion for Emergency Hearing (ECF No. 13) is DENIED; and the Defendants' Motion Requesting Judicial Abstention (ECF No. 23) is GRANTED and this case is therefore DISMISSED.

A separate Order follows.

Dated:     December 21, 2012                    /s/_____

                                                               Richard D. Bennett
                                                               United States District Judge